AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Delaware

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| SANADODEH NESHEIWAT | ) | Case Number: 13-CR-78-2-GMS |
| | ) | USM Number: 07503-015 |
| | ) | Eleni Kousoulis, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   I of the Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Computer Fraud and Copyright Infringement | 3/31/2014 | I |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   II-XIV, XVI, XVII   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/11/2015
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Gregory M. Sleet, United States District Judge
Name and Title of Judge

June 19, 2015
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

18 months

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  Case 1:13-cr-00078-GMS   Document 166   Filed 06/22/15   Page 4 of 7 PageID #: 961
(Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a drug treatment program, which may include testing and cognitive behavioral life skills training.

2. The defendant shall participate in mental health treatment, at the direction of the probation officer.

3. The defendant shall participate in the U.S. Probation Office's Workforce Development Program as directed by the probation officer, dependent upon the defendant's ability as it relates to any mental health restrictions as determined by his treating physician.

4. The defendant shall not own or possess any computer or internet enabled device without express permission of the probation office. This prohibition shall include any cell phones or any other device with internet capability. The defendant shall consent, at the direction of the probation officer, to having installed on any computer, cell phone or internet capable device that he is given permission to possess, any hardware or software systems to monitor the use of this equipment. Monitoring will occur on a random and/or regular basis.

5. The defendant shall not access any computer or internet enabled device maintained by a library, educational institution, or other facility without the expressed permission of the probation officer.

6. The defendant shall provide the probation officer with access to any requested financial information.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Case 1:13-cr-00078-GMS   Document 166   Filed 06/22/15   Page 5 of 7 PageID #: 962

Judgment — Page __5__ of __7__

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ 0.00 | $ 0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

   a. Bag containing loose digital media; b. Bag containing memory card and USB drives; c. Bag containing miscellaneous computer chips; d. Box containing miscellaneous circuit boards; e. One (1) blue Memorex CD-R; f. Gateway computer server S/N G143 6120044; g. Custom built Personal Computer S/N CA14810022770;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: SANADODEH NESHEIWAT
CASE NUMBER: 13-CR-78-2-GMS

## ADDITIONAL FORFEITED PROPERTY

h. Custom built Personal Computer, No S/N, No side covers;
i. Hewlett Packard desktop computer, S/N MXK4480RIY;
j. 8 MB memory card, No S/N;
k. T-Mobile cell phone, HT848G722446;
l. Samsung cell phone, S/N 268435461700346534;
m. iPhone, No S/N - back cover removed;
n. Nokia cell phone, S/N 357617/00/646480;
o. Samsung cell phone, S/N 014150638080EE5DB00
p. Palm cell, S/N P5PE077954TT
q. LG cell phone, S/N 906KPTM322033;
r. LG cell phone, S/N 011KPRW0290262;
s. Xbox 360, S/N 124988374507 (no case)
t. Desktop computer, S/N 83-102-685;
u. Xbox 360, with adapter, S/N 008016680907 (no case);
v. Xbox 360, with adapter, S/N 00OL20671507;
w. Gateway laptop computer, S/N P248391018104;
x. Toshiba hard drive (partial), S/N 695QH;
y. Toshiba hard drive, 40A8P56HT;
z. Ndev Box with cables, S/N NMA200110264;
bb. #32 - SEAGATE HDD S/N 5QF11VEM
cc. #30 - TOSHIBA HDD S/N 40MES72HS
dd. #29 - MOTOROLA CABLE MODEM S/N 0J34TW5YM0V4
ee. #28 - CABLE MODEM S/N 9451J23001070 (PLUGGED IN)
ff. #27 - NINTENDO WEIU S/N GW10066372
gg. #26 - SEAGATE EXT S/N 2GETAVMS
hh. #25 - SEAGATE EXT HDD S/N 2GHHB98
ii. #24 - WESTERN DIGITAL HDD S/N WX91AA0R3537
jj. #23 - SAMSUNG HDD S/N S2H7J9EZC09856
kk. #22 - HATACHI HDD S/N 120603EZ0153412EUBEJ
ll. #21 - FUJITSU HDD S/N K60L5892AP5R
mm. #20 - TOSHIBA HDD S/N 692BT2N7
nn. #19 - COMPAQ S/N 1V0AFP4DM158
oo. #18 - MACBOOK S/N W8925DZA9GU
pp. #17 - IBM LAPTOP S/N 60RK011
qq. #16 - GATEWAY S/N 0029904687
rr. #15 - GATEWAY S/N N3456C1023867
ss. #14 - COMPAQ PRESARIO S/N 2CE918C24G
tt. #13 - XBOX 360 S/N 518295573205
uu. #12 - XBOX 360 S/N 601486374605 WITH ADAPTER
vv. #11 - XBOX 360 S/N 300500671505
ww. SEAGATE 7200 MODEL 200 GB HARD DRIVE MODELST3200822AS S/N: 5LJ090NF
xx. SAMSUNG 20 GB HARD DRIVE 1B40"
yy. WESTERN DIGITAL 320 GB HARD DRIVE MODEL WD3200JS S/N:WCAPD1125266
zz. HITACHI 120 GB HARD DRIVE 1B70"
aaa. #10 - XBOX 360 S/N 800162461206
bbb. #9 - SONY PLAYSTATION 2 S/N 600991
ccc. #8 - SONY PS3 S/N 00-27450252-0201153-DECR-1400A
ddd. #7 - SONY PS3 (RED) NO S/N
eee. #6 - PLAYSTATION S/N 354162 WITH NETWORK ADAPTER
fff. #5 -XBOX S/NX0153-500
ggg. #4 - XBOX 360 S/N D711CG920801000JK
hhh. #3 - NINTENDO GAME CUBE S/N NRR 04901
iii. #2 - MICROSOFT XBOX S/N 311233122202, NO CASE
jjj. 1-NINTENDO 64 S/NN513705912Y